# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 14-862V**
**Filed: December 16, 2014**

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
RUSSELL BAKER,                        *
                                      *
                Petitioner,           *        Findings of fact; Proof of Vaccination
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Paul Brazil, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Justine Daigneault, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER and RULING ON FACTS[1]

**Vowell,** Special Master:

On September 17, 2014, Russell Baker ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq, [the "Vaccine Act" or "Program"]. Petitioner alleges he suffered pain and reduced range of motion in his shoulder and arm following the administration of an influenza vaccine on November 3, 2013. (*See* Petition at 1-2.) The case was assigned to the Special Processing Unit of the Office of Special Masters.

### I. Procedural History.

A telephonic status conference was held on October 14, 2014. Paul Brazil appeared on behalf of petitioner, and Justine Daigneault appeared on behalf of respondent. (*See* Order, issued Oct. 14, 2014 ("ECF No. 8"), at 1.) Daniel Horner appeared on my behalf as the OSM staff attorney managing this case. During the call, respondent's counsel requested further proof of vaccination indicating in which arm

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

petitioner received the implicated vaccination. (*Id.*) Petitioner had submitted an invoice from Sweetbay Supermarket pharmacy demonstrating that the influenza vaccine had been administered on November 3, 2013. (*See* Ex. 1.) It did not, however, indicate an injection site. (*Id.*) Petitioner's counsel indicated that he did not believe further vaccination records were available, but agreed to take 30 days to investigate whether the record of the case could be supplemented. (*See* ECF No. 8, at 1.)

On November 13, 2014, petitioner's counsel filed a statement of completion indicating that all available records had been filed. (*See* ECF No. 10.) Petitioner also filed an affidavit swearing that his November 3, 2013 vaccination was administered in his left arm. (See Ex. 4.) On December 15, 2014, respondent filed a status report requesting "a ruling as to whether the evidence is sufficient to establish that petitioner received an influenza vaccine in his left arm on November 3, 2013." (*See* ECF No. 11, at 1.)

## II.  Factual Finding.

The immunization record from the Sweetbay Supermarket pharmacy is sufficient proof of vaccination. (*See* Ex. 1.) Additionally, petitioner filed an affidavit indicating he received an influenza vaccination at the Sweetbay Supermarket in his left shoulder on November 3, 2013. (*See* Ex. 4, filed November 13, 2014.) In that affidavit, petitioner avers that he recalls that the vaccine was administered in his left arm, because he is right handed and requested that the vaccine not be given in his dominant arm. (*Id.*) Moreover, in the medical records filed, petitioner consistently describes an influenza vaccination administered in his left shoulder. (*See, e.g.*, Ex. 2, pp. 3-4.) Specifically, petitioner reported to his doctor on November 15, 2013, that he was experiencing pain from an influenza vaccine in his left shoulder he had received two weeks prior. (*See* Ex. 2, p. 4.) In addition, during a follow up exam on December 4, 2013, petitioner's doctor further noted that petitioner's physical examination revealed no pain "to the touch of area around flu shot site" and again noted that petitioner reported immediate pain in the left shoulder when the influenza vaccination was administered. (*See* Ex. 2, p. 3.)

**In the absence of evidence to the contrary, I find that petitioner received an influenza vaccine in his left shoulder on November 3, 2013.**

## III.  Order.

**Respondent shall file her Rule 4(c) report, or a status report indicating her position on the merits of this case, by no later than <u>Monday, December 29, 2014</u>.**

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master